[Cite as *State v. Sigmon*, 2013-Ohio-813.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO                                :

                                             :          Appellate Case No. 25149

        Plaintiff-Appellee                   :

                                             :          Trial Court Case No. 12-CR-126/1

v.                                           :

                                             :

ANTHONY T. SIGMON                            :          (Criminal Appeal from

                                             :           Common Pleas Court)

        Defendant-Appellant                  :

                                             :

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of March, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P. O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. #0071489, Penick & Deters, 1800 Lyons Road, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Anthony Sigmon appeals from his conviction and sentence for Theft and Obstructing Official Business.  Sigmon contends that the trial court

erred in imposing a maximum sentence for each offense (to be served concurrently). He also contends the trial court erred in its order of restitution. We conclude that the trial court did not err in imposing sentence. We further conclude that the order of restitution was proper. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Sigmon was charged by indictment with two counts of Obstructing Official Business, two counts of Theft, and one count of Possession of Drug Abuse Instruments. Pursuant to a plea agreement, Sigmon pleaded guilty to one count of Obstructing Official Business and one count of Theft; both fifth-degree felonies. The Theft offense to which Sigmon pled guilty involved the theft of four laptop computers from a Best Buy store, having a total value of $2,299.66. The Obstructing Official Business offense to which Sigmon pled guilty appears to have involved a police officer having fallen and been injured, while chasing Sigmon.

{¶ 3} In return for Sigmon's plea, the State agreed to dismiss the remaining counts and to recommend a one-year sentence. The trial court sentenced Sigmon to a prison term of twelve months on each count, to be served concurrently. The trial court further ordered restitution to Best Buy in the sum of $2,229.96. From his conviction and sentence, Sigmon appeals.

## II. The Trial Court Did Not Err in Imposing Maximum, Concurrent Sentences

{¶ 4} Sigmon's First Assignment of Error states:

THE TRIAL COURT ERRED IN IMPOSING AN EXCESSIVE SENTENCE ON APPELLANT.

{¶ 5} Sigmon contends that imposing a twelve-month sentence on either count was excessive. In support, he notes that his crimes were non-violent, that he has an admitted drug addiction, and that he desires to undergo treatment.

{¶ 6} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. The term "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Hufman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 7} When reviewing a felony sentence, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. *Id.*

{¶ 8} A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing which are " to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the

court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing in section 2929.11 of the Revised Code." R.C. 2929.12(A).

{¶ 9} In this case, the trial court reviewed the offenses, the pre-sentence investigation report, and the statements made by Sigmon and his attorney. The court explained that it was imposing sentence after considering the purposes and principles of sentencing. The court also noted that it had looked at the seriousness and recidivism factors. The trial court noted that this conviction was Sigmon's fifth felony conviction and that it had been committed just six months after his release from incarceration for a prior felony.

{¶ 10} The record indicates that Sigmon has an extensive juvenile record, and that he has been convicted of more than ten misdemeanor offenses as an adult. The felony record shows that in 1998 Sigmon was convicted of Attempted Burglary. In 2003, he was convicted of Breaking and Entering. In 2006, Sigmon was convicted of Inducing Panic, and in 2010, of Theft. The pre-sentence investigation report indicates that Sigmon has "a history of non-compliance during community control, and does not follow through with treatment for his drug addiction."

{¶ 11} Sigmon's sentence falls within the statutory range and is in accord with the terms of the plea agreement. Thus, the sentence is not clearly and convincingly contrary to law. Given Sigmon's extensive criminal history, including four prior felonies, his non-compliance with community control, and his failure to complete drug addiction treatment, we do not clearly and convincingly find that the record does not support the sentence imposed.

Nor do we find that the trial court abused its discretion by imposing the maximum sentence.

{¶ 12} Sigmon's First Assignment of Error is overruled.

### III. The Record Supports the Amount of Restitution Ordered, and the Trial Court Did Not Err in Ordering Restitution

{¶ 13} Sigmon's Second Assignment of Error provides:

THE TRIAL COURT ERRED IN ITS ORDER OF RESTITUTION.

{¶ 14} Sigmon contends that the amount of restitution ordered is arbitrary and not supported by the record. He further contends that he is "incapable" of paying restitution. Finally, he contends that the trial court erred by failing to hold a hearing on his ability to pay.

{¶ 15} Since Sigmon failed to dispute the amount of restitution awarded, request a hearing, or otherwise object, he has waived all but plain error. *State v. Cochran,* 2d Dist. Champaign No. 09CA0024, 2010-Ohio-3444, ¶ 19.

{¶ 16} R.C. 2929.19(B)(5) states that "before imposing a financial sanction under 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." "Financial Sanctions include, for example, restitution, fines, and reimbursement of the costs of community control sanctions, confinement, or monitoring devices." *State v. Lux,* 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 44, citing R.C. 2929.18.

{¶ 17} While the trial court must consider the defendant's "present and future ability to pay," it is not required to hold a hearing on that issue. *State v. Willis*, 2d Dist. Montgomery

No. 24477, 2012-Ohio-294, ¶ 4.  Furthermore, "a trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine."  *State v. Parker,* 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue.  *Id.*

{¶ 18}  In this case, the pre-sentence investigation report supports the amount of restitution ordered.  The report indicates that Sigmon was 34 years old, and had obtained his GED.  He also took classes at the Ohio Institute of Photography and Technology in 2008 and 2009.  The report contains information about Sigmon's mental and physical health, indicating that he is not being treated for any physical health issues, but that he may have some mental health issues for which he is not currently being treated.  The report reflects that Sigmon continues to abuse drugs and other substances.  Finally, the report reflects that Sigmon was homeless and unemployed prior to his arrest.

{¶ 19}  While there are no express findings regarding Sigmon's present and future ability to pay, the trial court did expressly state that it had reviewed the pre-sentence investigation report.  We find nothing in the report to indicate that Sigmon would not be capable of working upon his release.  We conclude that the trial court did not err in ordering, or in fixing the amount of, restitution.  Accordingly, Sigmon's Second Assignment of Error is overruled.

## IV.  Conclusion

{¶ 20}  Both of Sigmon's assignments of error having been overruled, the judgment of the trial court is Affirmed.

[Cite as *State v. Sigmon*, 2013-Ohio-813.]

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Bryan K. Penick
Hon. Mary L. Wiseman