[Cite as *State v. Eaton*, 2014-Ohio-4106.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-7 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-424 |
| v. | : | |
| | : | |
| RICHARD C. EATON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the ____19th____ day of ____September____, 2014.

. . . . . . . . . . .

ANTHONY E. KENDELL, by EMILY E. SLUK, Atty. Reg. #0082621, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
        Attorneys for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. #0086785, Oldham & Deitering, LLC, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Richard C. Eaton appeals from his conviction and sentence on one count of

arson, a fourth-degree felony.

{¶ 2}    In his sole assignment of error, Eaton contends the trial court erred in imposing an excessive restitution obligation.

{¶ 3}    The record reflects that Eaton pled no contest to the arson charge, and the trial court found him guilty. The offense involved him setting fire to one or more cars at Joe Johnson Chevrolet. In addition to imposing a seventeen-month prison sentence, the trial court ordered Eaton to pay $9,436.28 in restitution to the car dealership.

{¶ 4}    Eaton argues on appeal that the trial court erred in ordering him to pay restitution without credible evidence establishing that Joe Johnson Chevrolet suffered economic loss of $9,436.28 as a result of his crime and without considering his ability to pay.

{¶ 5}    Pursuant to R.C. 2929.18(A)(1), a trial court may order "[r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." The phrase "economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense[.]" R.C. 2929.01(L). In addition, R.C. 2929.19(B)(5) obligates a trial court to consider a defendant's present or future ability to pay before imposing restitution under R.C. 2929.18. The statute does not require consideration of any specific factors when evaluating a defendant's ability to pay. Nor does it require a hearing. Although a trial court need not state that it considered a defendant's ability to pay, the record should contain evidence supporting an inference that it did so. A trial court may comply with its obligation by considering a presentence-investigation report (PSI) containing information about the defendant's age, health, education, and work history. *State v. Tate,* 2d Dist. Montgomery No. 25386, 2013-Ohio-5167, ¶ 52.

{¶ 6}    In the present case, Eaton recognizes that we are limited to plain-error review

because he did not dispute the amount of restitution, request a hearing, or otherwise object. *State v. Croom*, 2d Dist. Montgomery No. 25094, 2013-Ohio-3377, ¶ 92 ("A defendant who does not dispute or object to an amount of restitution ordered by a trial court waives all but plain error with regard to an order of restitution."); *State v. Sigmon*, 2d Dist. Montgomery No. 25149, 2013-Ohio-813, ¶ 15 ("Since Sigmon failed to dispute the amount of restitution awarded, request a hearing, or otherwise object, he has waived all but plain error.").

{¶ 7} Here the trial court explained at sentencing that it had received a statement from Joe Johnson Chevrolet indicating that the car dealership's out-of-pocket loss was $9,436.28. (Sentencing Tr. at 9). This restitution figure was noted in the PSI, which defense counsel and the trial court both reviewed. (*Id.* at 3, 6). Therefore, the record does contain evidence linking the restitution figure to Eaton's offense.

{¶ 8} With regard to ability to pay, the PSI reflects that Eaton was fifty-one years old and had been homeless for about four weeks and living in a shelter at the time of his offense. During his PSI interview, he self-reported having worked as a water-well driller until suffering a broken back in 2008. He claimed to be disabled as a result of that accident and to be receiving SSI and SSD. On the other hand, he also self-reported holding a bachelor's and master's degree in engineering from MIT although this information was unverified. At the time of his offense, Eaton owned a 1999 Cadillac. He also owned a motorcycle. Significantly, the PSI writer found Eaton's self-reported information about his education and employment history suspect due to his "evasiveness" during the interview. The PSI writer described him as "not very forthcoming in the information he provided and * * * extremely cryptic in several areas to include his residential history, family, [and] employment history[.]"

**{¶ 9}** Based on the information in the PSI, we see no plain error. The trial court could have reasonably concluded that Eaton possessed the present or future ability to pay restitution, particularly in light of his claim to hold an advanced degree from MIT and his evasiveness regarding his employment history.

**{¶ 10}** Eaton's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN and WELBAUM, JJ., concur.


Copies mailed to:

Anthony E. Kendell
Emily E. Sluk
Robert L. Scott
Hon. Robert J. Lindeman