The STATE of Ohio, Appellee,

v.

LONG, Appellant.

[Cite as *State v. Long* (1992), 82 Ohio App.3d 168.]

Court of Appeals of Ohio,
Miami County.

No. 91–CA–72.

Decided Sept. 3, 1992.

*Jeffrey M. Welbaum,* Prosecuting Attorney, and *James D. Bennett,* Assistant Prosecuting Attorney, for appellee.

*Steve Layman,* Assistant Public Defender, for appellant.

GRADY, Judge.

In 1989, defendant-appellant Mark R. Long was sentenced to five years' probation by the Miami County Municipal Court. In February 1991, Long admitted to a probation violation. For this offense Long was sentenced to six months in the Miami County Jail. On May 31, 1991, Long was released from jail after he moved for reconsideration of his sentence. Long was placed on electronically monitored house arrest ("EMHA") on June 4, 1991, and allowed to serve the remainder of his sentence at home. He was permitted to leave his home for work, community service, and treatment.

EMHA is a program in which the offender is required to wear a certified electronic monitoring device, to remain in his home or other specified area, and to travel from his home only for specific purposes allowed by the sentencing court. A monitoring receiver mounted in the offender's home monitors the offender's presence.

Two months after commencing his EMHA program, Long removed the EMHA anklet and left home to visit a local tavern in Covington, Ohio. He was seen by a Covington police officer who was aware of Long's sentence and its terms. Long was arrested and charged with escape, in violation of R.C. 2921.34(A). The case was tried to the court, which found Long guilty of escape. This appeal follows.

■ Appellant's first assignment of error states:

"The conviction of appellant for the crime of escape under O.R.C. 2921.34(A) was against the manifest weight of the evidence in that the state failed to produce sufficient evidence to prove essential elements of the crime, to-wit:

that appellant, knowing he was under detention, broke or attempted to break such detention and that appellant acted purposely in this regard."

R.C. 2921.34 defines "escape":

"(A) No person, knowing he is under detention * * * shall purposely break or attempt to break such detention, * * * when serving a sentence in intermittent confinement."

"Detention" and "detention facility" were defined in R.C. 2921.01, which provided, in pertinent part:

"(E) 'Detention' means arrest, or confinement in any facility for custody of persons charged with or convicted of crime * * *.

"(F) 'Detention facility' means any place used for the confinement of a person charged with or convicted of crime or alleged or found to be delinquent or unruly." See 143 Ohio Laws, Part II, 2063, 2070.

R.C. 2929.23(A)(4) defined "electronic monitored house arrest":

"(4) 'Electronically monitored house arrest' means a period of *confinement* of an eligible offender *in his home* or *in other premises specified by the sentencing court*, during which period of confinement all of the following apply:

"(a) The eligible offender wears or otherwise has attached to his person a certified electronic monitoring device;

"(b) The eligible offender is required to remain in his home or other premises specified by the sentencing court for the specified period of confinement, except for periods of time during which the person is at his place of employment or at other premises as authorized by the sentencing court;

"(c) The eligible offender is subject to continuous monitoring by the certified electronic monitoring device;

"(d) The eligible offender is required by the sentencing court to report periodically to a person designated by the court;

"(e) The eligible offender is subject to any other restrictions and requirements that may be imposed by the sentencing court." (Emphasis supplied.) See 143 Ohio Laws, Part II, 2063, 2076.

It is clear from a reading of the above statutes that EMHA is a form of detention, as it constitutes confinement in a facility for custody of persons convicted of a crime. R.C. 2921.01(E), (F). Through the agreement made between the court and a defendant, the home becomes for these purposes the detention facility. The fact that defendant is temporarily released from the facility for specific purposes does not remove it from that definition. A defendant on EMHA knows he is the subject of detention within the specified

area and at the specified times. When a defendant on EMHA leaves or otherwise interferes with the electronic monitoring device for the purpose of breaking his detention, he has committed the offense of escape.

The record contains evidence of each element of the offense of escape sufficient as a matter of law to support conviction. The first assignment of error is overruled.

Appellant's second assignment of error states:

"The EMHA program, as developed and administered by the Miami County Municipal Court, is a form of probation, not incarceration."

The Miami County Probation Department monitors the EMHA program for the municipal court. From this fact, appellant argues that EMHA is a form of probation, rather than incarceration, and that his removal of the monitoring device should be treated as a probation violation and not the offense of escape.

Probation is the suspension of a sentence of confinement prior to commitment. 21 American Jurisprudence 2d, Criminal Law, Section 567. EMHA, as discussed above in the first assignment of error, is confinement and cannot, therefore, be considered probation. That the probation department administers the program is of no consequence. Appellant was aware, through the agreement; that he was confined as a result of his conviction and that the EMHA was the process of confinement. Appellant's second assignment of error is overruled.

Appellant's third assignment of error reads:

"The EMHA program, as developed and administered by the Miami County Municipal Court, is violative of O.R.C. 2929.23."

The record consists of the stipulations of the parties. According to those stipulations, an offender removed from incarceration to the EMHA program is credited on completing it with one day of his term of incarceration for every three days he remained on EMHA. Appellant argues that this credit scheme permits the court to confine an offender to a term in excess of the maximum terms permitted by law.

Municipal courts have jurisdiction to hear and determine the violation of any municipal ordinance and any misdemeanor committed within their territories. R.C. 1901.20. The maximum incarceration that may be imposed for any one such offense is a definite term of imprisonment in the county jail or workhouse of not more than six months. R.C. 2929.21.

R.C. 2929.23(B)(1) provided:

"Any court may impose a period of electronically monitored house arrest upon an eligible offender in addition to or in lieu of any other sentence

imposed or authorized for the offense, except that the total of any period of electronically monitored house arrest imposed upon an offender plus the period of any sentence of imprisonment imposed upon the same eligible offender shall not exceed the maximum term of imprisonment that could be imposed upon the eligible offender pursuant to section 2929.11 or 2929.21 of the Revised Code." See 143 Ohio Laws, Part II, 2063, 2076.

The stipulations do not identify Long's original offense, the term of incarceration imposed after his violation of probation, or the length of his EMHA confinement. Therefore, we are unable to determine whether the EMHA term imposed by the court exceeded the statutory maximum. Even if we could, however, it is unlikely to have prejudiced Long because he remained in EMHA confinement for only about two months. Further, any error in respect to the duration of Long's EMHA confinement could be presented only through an appeal from the municipal court's EMHA order, not from the order of conviction of the court of common pleas for the crime of escape.

Appellant also argues that a violation of his EMHA confinement cannot constitute the crime of escape because R.C. 2929.23 makes no provision for that offense. We do not agree. R.C. 2929.23 does not purport to define a substantive offense but a system of confinement. For reasons stated in our discussion of the first assignment of error, purposely breaking that confinement may constitute the offense of escape. Evidence of that fact is sufficient to prove the crime.

The third assignment of error is overruled.

Having overruled appellant's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

FAIN, P.J., and WOLFF, J., concur.