[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Curtis Shaw, pleaded no contest to and was convicted of a charge of procuring prostitution in violation of R.C. 2907.23(A). Pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, appellant's appointed counsel has advised this court that, after a thorough review of the record, he can discern no arguable assignments of error to present on appeal. See, also, Pennsylvania v. Finley (1987),481 U.S. 551, 107 S.Ct. 1990. He now asks this court to conduct an independent review of the record to determine whether the proceedings were free from prejudicial error. See Freels v. Hills
(C.A.6, 1988), 843 F.2d 958. He has also filed a motion to withdraw as appellant's counsel.
Appellant's counsel advises this court that he has notified appellant of his determination and that appellant wishes to raise two issues on appeal. Appellant contends that the trial court improperly ordered him to undergo drug treatment as a condition of probation. The record shows that the court ordered appellant to undergo a drug evaluation and any recommended treatment. This condition is reasonably related to appellant's rehabilitation, has some relationship to the crime of which he was convicted, reasonably relates to future criminality, and serves the statutory ends of probation. Further, it is not unlawful or unconstitutional. Consequently, the trial court did not abuse its discretion in ordering a drug evaluation and drug treatment as a condition of appellant's probation. See State v. Jones (1990),49 Ohio St.3d 51, 550 N.E.2d 469; State v.Mueller (1997), 122 Ohio App.3d 483, 702 N.E.2d 139;State v. Graham (1993), 91 Ohio App.3d 751,633 N.E.2d 622.
Appellant also contends that the trial court should not have ordered him to serve sixty days of electronic home monitoring. Although some courts have expressed differing views about whether electronic home monitoring can be imposed as a condition of probation or whether it constitutes actual "confinement," we need not reach that issue. See State v. Long
(1992), 82 Ohio App.3d 168, 611 N.E.2d 504; State v. Dubois (Nov. 9, 1994), Wayne App. No. 2885, unreported. The order for electronic home monitoring was proper, either as a reasonable condition of probation or under the plain language of R.C.2929.23(B)(1). Consequently, we find no merit to appellant's arguments.
After reviewing the record, we are satisfied that appellant's counsel has provided his client with a diligent and thorough search of the record and that he has correctly concluded that the proceedings below were free from prejudicial error. SeePenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. We find no grounds to support a meritorious appeal. Accordingly, we affirm the judgment of the trial court, and we overrule counsel's motion to withdraw. We find the appeal to be frivolous under App.R. 23 and R.C. 2505.35, but we refrain from taxing costs and expenses against appellant because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Judge Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.