[Cite as *State v. Bennett*, 2014-Ohio-4102.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-17 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-557 |
| v. | : | |
| | : | |
| ADAM M. BENNETT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the _____19th_____ day of _____September_____, 2014.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
> Attorneys for Plaintiff-Appellee

ADAM M. BENNETT, #677-598, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
> Defendant-Appellant, pro se

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Adam Bennett appeals pro se from the trial court's denial of his motion for

additional jail-time credit.

{¶ 2}     Bennett advances two assignments of error. First, he contends the trial court erred in denying him jail-time credit for time spent on electronic monitoring or "house arrest." Second, he claims the trial court erred in denying him jail-time credit for time spent in a half-way house.

{¶ 3}     The record reflects that Bennett entered a guilty plea to multiple fifth-degree felony counts of illegal use of a minor in nudity-oriented material. The trial court sentenced him to community control in May 2010. (Doc. #43). In April 2012, he was charged with violating the conditions of community control. Thereafter, in July 2012, he was charged with additional violations. Pending the outcome of these allegations, Bennett served time in jail and time on electronic monitoring or what he calls "house arrest." In November 2012, the trial court found that he had violated the terms of his community control. It nevertheless continued him on community control with added conditions that he serve a six-month jail sentence and complete the Talbert House's Turtle Creek program. (Doc. #112). Later that month, the trial court held the jail sentence in abeyance pending successful completion of the Turtle Creek program. (Doc. #113).

{¶ 4}     In January 2013, Bennett was charged with additional community control violations. As a result, he was discharged from the Turtle Creek program and arrested. After finding the alleged violations established, the trial court revoked community control on February 6, 2013 and imposed an aggregate thirty-month prison sentence. It awarded Bennett 214 days of jail-time credit.   (Doc. #122). Bennett did not appeal. He filed a motion for judicial release in November 2013. The trial court overruled the motion the following month. Thereafter, on March 19, 2014, Bennett filed a pro se motion for additional jail-time credit. (Doc. #136). He argued

that he was entitled to jail-time credit for the time he spent on house arrest and at Turtle Creek. Specifically, he claimed he was entitled to an additional forty-nine days of jail-time credit for time spent on house arrest from May 23, 2012 until July 11, 2012. He further claimed entitlement to fifty-one days of jail-time credit for time spent at Turtle Creek from November 20, 2012 until January 11, 2013. Bennett supported his motion with an affidavit describing the terms and conditions of his house arrest and time spent at Turtle Creek. On March 21, 2014, the trial court filed a judgment entry overruling Bennett's motion. It reasoned:

> The Defendant is requesting jail time credit for time served in Turtle Creek residential facility. Turtle Creek is not a CBCF lockdown facility, therefore no jail time is credited. The Defendant also request[s] jail time credit for time on "House Arrest." While the Defendant was required to wear a GPS ankle monitor, he was permitted to leave his residence for employment and medical appointments.

> After due consideration, the Court FINDS the defendant was credited with the appropriate jail time credit and the request is therefore DENIED.

(Doc. #137).

{¶ 5} The sole issue on appeal is whether the trial court erred in denying Bennett jail-time credit for time spent on electronic monitoring/house arrest and at Turtle Creek. In opposition to Bennett's argument, the State first asserts that the trial court's denial of his motion for jail-time credit is not an appealable order. Specifically, the State maintains that Bennett was required to raise the jail-time issue in a direct appeal from the revocation of community control. The State reasons that the trial court's denial of the motion for additional jail-time credit was a nullity that did not affect Bennett's substantial rights. We find this argument unpersuasive.

Effective September 2012, R.C. 2929.19(B)(2)(g)(iii) allows an offender to file a motion "any time after sentencing" challenging the accuracy of a jail-time determination, and a trial court "retains continuing jurisdiction *to correct any error* not previously raised at sentencing" regarding jail-time credit. (Emphasis added). In light of this statute, we conclude that Bennett was entitled to challenge the trial court's jail-time determination, and the trial court's ruling on his motion was not a nullity. All of the contrary cases cited in the State's appellate brief predate R.C. 2929.19(B)(2)(g)(iii), which the State does not address and which took effect before the trial court revoked Bennett's community control and before he filed his jail-time credit motion.

{¶ 6}    Turning to the merits of Bennett's argument, the Revised Code obligates a trial court to "include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term[.]" R.C. 2929.19(B)(2)(g)(i); *see also* R.C. 2967.191. The issue here is whether Bennett's time on home electronic monitoring and at Turtle Creek prior to revocation of his community control constituted "confinement" for purposes of jail-time credit.

{¶ 7}    The record reflects that the trial court subjected Bennett to home electronic monitoring on May 23, 2013 as a condition of granting him an own-recognizance bond pending disposition of the alleged community control violations. (Doc. #83 at 2). We conclude that this electronic monitoring as a condition of bond did not constitute "confinement" for purposes of jail-time credit. *See*, *e.g.*, *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 68 ("* * * Ohio courts of appeals have generally held that persons under *pretrial* electronic home monitoring are not entitled to credit for time served, because pretrial electronic

home monitoring is a 'constraint in lieu of bail pursuant to R.C. 2967.191 and is not detention under R.C. 2921.01(E)'"); *State v. Holt*, 2d Dist. Montgomery No. 18035, 2000 WL 569930 (May 12, 2000) ("There is a consistent line of appellate authority that house confinement with electronic monitoring, whether it is called 'arrest' or 'detention' or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing. * * * In contrast, EHDP time served as part of the sentence is recognized as a form of 'detention' for purposes of applying the escape statute, as this court has held."); *State v. Harris,* 7th Dist. Mahoning No. 11 MA 184, 2012-Ohio-5612, ¶ 28 ("The record does show that [defendant Harris] was subject to electronically monitored house arrest (EMHA) leading up to the trial on June 1, 2010 for the underlying offenses. * * * Harris would not be entitled to jail-time credit for time spent on EMHA."); *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 59 ("But electronic monitoring house arrest as a condition for presentence release on bail is not the type of confinement that justifies credit for time served."); *State v. Delaney*, 12th Dist. Warren No. CA2012-11-124, 2013-Ohio-2282, ¶ 8 (holding that "pretrial EMHA does not constitute confinement for purposes of receiving jail-time credit"); *State v. Osborne*, 5th Dist. Richland No. 11 CA 14, 2011-Ohio-2363, ¶ 26 ("In the instant case, Appellant * * * was placed on electronically monitored house arrest as a condition of bond. Appellant was free on bond and such constraint was incidental to his release on bail. * * * We therefore find that Appellant's house arrest does not constitute confinement and therefore Appellant is not entitled to jail time credit for time served on house arrest.").

{¶ 8}    In the present case, of course, Bennett's electronic monitoring was not "pretrial" or "presentence" in relation to his underlying felony convictions. As set forth above, he already

had pled guilty to the charges against him and had received community control sanctions. He later allegedly violated the conditions of community control and was placed on electronic monitoring as a condition of bond pending resolution of the violations. In our view, this situation is analogous to those involving pretrial electronic monitoring. The trial court's imposition of electronic monitoring here was incidental to Bennett's release on bail rather than part of a criminal sentence. It was intended to secure his attendance at a hearing to determine whether community control violations had occurred. In that sense, it was equivalent to electronic monitoring ordered as a condition of bail to secure a criminal defendant's appearance at trial. Because Bennett's time on electronic monitoring did not entitle him to additional jail-time credit, we overrule his first assignment of error.

{¶ 9} In his second assignment of error, Bennett challenges the trial court's denial of jail-time credit for his term at Turtle Creek. As noted above, the trial court ordered Bennett to stay at Turtle Creek as part of the community control sentence it imposed for his felony convictions. Unfortunately, the record contains almost no information about the Turtle Creek program or its restrictions on Bennett. Time spent in a half-way house or other "facility where one's ability to leave whenever he or she wishes is restricted may be confinement" for purposes of jail-time credit. *State v. Osborne*, 5th Dist. Richland No. 2009CA0119, 2010-Ohio-4100, ¶ 14. In *State v. McComb*, 2d Dist. Montgomery No. 99 CA 8, 1999 WL 961344 (June 25, 1999), this court rejected the proposition that a defendant never is entitled to jail-time credit while serving probation in a treatment facility. *Id.* at *3. "Rather, trial courts 'must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute "confinement" as contemplated by the legislature.'" (Citations omitted) *Id.* at *4. In *McComb*,

this court found itself unable to determine whether in-patient treatment at the Talbert House constituted "confinement" for purposes of jail-time credit. *Id*. This court reasoned:

> * * * [T]he record in this case provides minimal information on the nature of the Talbert House program. From the trial court's December 19, 1997 judgment entry, we know that McComb was ordered to complete inpatient treatment at a long-term residential treatment program such as Talbert House and that he was prohibited from terminating his treatment without prior approval from the adult probation department. The trial court's order to convey McComb from the Greene County Jail to Talbert House in Cincinnati stated that he "will remain at the Institution until treatment is completed." Without further information on the nature of the treatment program, we are unable to determine the severity of the restrictions placed upon McComb's freedom and thus, we cannot conduct a meaningful review of whether McComb was "confined" within the meaning of the term as intended by the legislature so as to be entitled to jail-time credit for time spent at Talbert House. Accordingly, we must remand this matter to the trial court for reconsideration of McComb's motion in light of the definition of "confinement" as contained in the above cited statutes and elaborated upon in [*State v. Nagle*, 23 Ohio St.3d 185, 492 N.E.2d 158 (1986)]. On remand, the trial court should focus on whether McComb was confined while at Talbert House rather than whether Talbert House satisfied the R.C. 2929.01(V) definition of a "jail." Depending on the trial court's familiarity with the Talbert House program, a hearing may or may not be required to make the determination of whether

McComb was confined while undergoing treatment at Talbert House. The trial court should conduct an evidentiary hearing if its knowledge of Talbert House program does not enable it to readily determine whether participation in the program does or does not constitute confinement. Regardless of whether it conducts a hearing, if the relief requested is denied, the trial court should provide an explanation of why McComb's participation in the Talbert House program was not confinement.

*Id.* at *4.

{¶ 10}   The State stresses that, on remand, the trial court in *McComb* found time spent at the Talbert House was not "confinement" for purposes of jail-time credit. *See State v. McComb*, Greene C.P. No. 1996 CR 0671 (June 21, 2000). On the basis of that unappealed ruling, the State contends "it is well established in Greene County that Talbert House is not confinement for purposes of calculating jail time credit." (Appellee's brief at 10).

{¶ 11}   We do give credence to the trial court's finding that Bennett's term at Turtle Creek did not constitute confinement because the trial court is in a better position to evaluate the nature of the programs it utilizes for offenders. But simply "because Turtle Creek is not a CBCF lockdown facility," (Doc. #137) is not sufficient to deny jail-time credit.  The Ohio Supreme Court recognized in *State v. Napier*, 93 Ohio St.3d 646, 758 N.E.2d 1127 (2001),  that a defendant is "confined" for purposes of jail-time credit when he *is* on "lockdown" (i.e., when he "cannot leave the facility under any circumstances") in a community based  correctional facility (CBCF). *Id.* at 647. The *Napier* court also recognized, however, that "lockdown" status is not necessarily required for a defendant to receive jail-time credit. *Id.* at 647-648. The broader, more

appropriate inquiry is the degree to which an offender is "free to come and go," including whether express permission is required to leave, and the extent to which he is "subject to the control of the staff regarding personal liberties." *Id.* at 648; see also *State v. Snowder*, 87 Ohio St.3d 335, 337, 720 N.E.2d 909 (1999) ("Snowder stipulated that he was not allowed to leave the CBCF without permission. It appears beyond doubt that entry into a CBCF constitutes confinement."). The trial court's bare observation that Turtle Creek is not a "lockdown" facility is insufficient, in itself, for us to conclude that Bennett necessarily was not entitled to jail-time credit. A "court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute 'confinement' as contemplated by the legislature." *State v. Jones*, 122 Ohio App.3d 430, 432, 702 N.E.2d 1061 (5th Dist.1997). As this court did in *McComb*, other Ohio "appellate courts have routinely reversed jail time credit decisions where the evidentiary record has not been developed so as to permit a meaningful review" of the "confinement" issue. *State v. Ventra*, 5th Dist. Geauga No. 2010-G-2968, 2011-Ohio-156, ¶ 20 (citing cases).

{¶ 12} Here we believe a remand is necessary for elaboration by the trial court or additional findings regarding the nature of the restrictions placed on Bennett at Turtle Creek. On the limited record before us, we cannot determine whether those restrictions rose to the level of "confinement." As in *McComb*, depending on its familiarity with Turtle Creek, the trial court may or may not be able to provide the required elaboration or additional findings without conducting an evidentiary hearing. We leave that issue to the trial court to resolve on remand. It would be helpful, however, for the trial court to address the following averments in Bennett's affidavit in support of his jail-time credit motion: (1) that he was not permitted to leave Turtle

Creek without permission and an escort, (2) that Turtle Creek at times "became a complete lockdown facility," and (3) that certain unauthorized departures, or even movement within restricted areas, could constitute felony escape. (*See* affidavit accompanying Doc. #136).

{¶ 13}   The trial court's judgment entry overruling Bennett's motion for jail-time credit is affirmed in part and reversed in part. The judgment is affirmed insofar as the trial court denied jail-time credit for time Bennett spent on home electronic monitoring. The judgment is reversed insofar as the trial court denied jail-time credit for time he spent at Turtle Creek, and the cause is remanded for further consideration of that issue.

. . . . . . . . . . . .

FAIN and WELBAUM, JJ., concur.


Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
Adam M. Bennett
Hon. Stephen Wolaver