[Cite as *State v. Cox*, 2017-Ohio-2606.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27276 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-2557 |
| | : | |
| VERNON LEE COX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of April, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

VERNON COX, #675-046, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, pro se

. . . . . . . . . . . .

HALL, P. J.

**{¶ 1}** Vernon Lee Cox appeals pro se from the trial court's August 29, 2016 entry and order overruling his motion for additional jail-time credit.

**{¶ 2}** The record reflects that Cox received an aggregate thirty-year prison sentence following his conviction on multiple counts of rape, sexual battery, and gross sexual imposition involving a child under the age of thirteen. This court affirmed on direct appeal in *State v. Cox*, 2d Dist. Montgomery No. 25477, 2013-Ohio-4941, overruling nine assignments of error. Thereafter, this court affirmed the trial court's denial of a motion for resentencing and a petition for post-conviction relief. *See State v. Cox*, 2d Dist. Montgomery No. 26248, 2015-Ohio-895; *State v. Cox*, 2d Dist. Montgomery No. 26136, 2015-Ohio-894.

**{¶ 3}** With regard to the current appeal, Cox filed a motion for jail-time credit in June 2016. (Doc. #7). He argued that the trial court should have awarded him 306 days of jail-time credit for time spent on pretrial electronically monitored house arrest ("EMHA"). Cox recognized that pretrial EMHA ordinarily does not constitute confinement or detention for purposes of awarding jail-time credit. He argued, however, that the conditions of his EMHA were particularly onerous insofar as they did not authorize him to leave the house to work, resulting in the loss of his job. In light of that fact, Cox argued that his EMHA did qualify for jail-time credit. Following Cox's motion, the Division of Court Services filed a report concluding that he properly received thirty-five days of jail time credit for time he actually spent in jail. Thereafter, the trial court filed an August 2016 entry and order finding Cox not entitled to any additional credit. (Doc. #11). This appeal followed.[1]

---

[1] We note that "the denial of a motion for jail-time credit pursuant to R.C.

{¶ 4} In his sole assignment of error, Cox contends the trial court's denial of additional jail-time credit is contrary to R.C. 2929.01(P)(1) and *State v. Long*, 82 Ohio App.3d 168, 611 N.E.2d 504 (2d Dist.1992). He argues that the terms of his pretrial EMHA precluded him from working, which entitled him to 306 additional days of jail-time credit.

{¶ 5} Upon review, we are unpersuaded by Cox's argument. It is well settled that pretrial EMHA as a condition of bail does not constitute confinement or detention for purposes of awarding jail-time credit. *See, e.g.*, *State v. Bennett*, 2d Dist. Greene No. 2014-CA-17, 2014-Ohio-4102, ¶ 7 (citing cases). Even if we accept Cox's assertion that the terms of his pretrial EMHA resulted in the loss of a job,[2] we find no authority for awarding him additional jail-time credit.

{¶ 6} Cox claims the strict terms of his pretrial EMHA only authorized him to attend medical or legal appointments. Due to these limitations, he asserts that he should have received jail-time credit. The Twelfth District Court of Appeals rejected a similar argument in *State v. Delaney,* 12th Dist. Warren No. CA2012-11-124, 2013-Ohio-2282. In *Delaney*, the defendant's pretrial EMHA authorized him to leave the house only for drug tests. *Id.* at ¶ 6. The defendant argued that this strict home monitoring qualified for jail-time credit. The Twelfth District disagreed, applying the established rule that pretrial EMHA as a condition of bail does not qualify for jail-time credit. *Id.* at ¶ 8.

---

2929.19(B)(2)(g)(iii) is a final, appealable order." *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 13.

[2] On appeal, Cox has not cited any evidence establishing that he had a job or that he lost it because of his EMHA rather than because of his indictment for numerous sex offenses. Nor have we scoured the trial transcripts seeking evidence on this issue. For present purposes, we simply will assume arguendo that Cox lost a job because his EMHA did not authorize him to leave home to work.

{¶ 7} We note too that the statute Cox cites, R.C. 2929.01(P)(1), fails to support his argument. It defines the phrase "house arrest," when imposed as a sanction following conviction for a crime, to include a period of confinement "in the offender's home or in other premises specified by the sentencing court or by the parole board" where "[t]he offender is required to remain in the offender's home or other specified premises for the specified period of confinement, except for periods of time during which the offender is at the offender's place of employment or at other premises as authorized by the sentencing court or by the parole board." By its own terms, which include references to "the sentencing court," the foregoing language contemplates *post*-conviction EMHA. Indeed, the word "offender" in R.C. 2929.01(P)(1) is defined as "a person who, in this state, is convicted of or pleads guilty to a felony or a misdemeanor." R.C. 2929.01(Z). The statute says nothing about the issue before us, namely whether pretrial EMHA qualifies for jail-time credit when it precludes a defendant from working.

{¶ 8} This court's 1992 opinion in *Long* also fails to support Cox's argument. The defendant in *Long* was placed on post-conviction EMHA as part of his sentence. *Long* at 169. He subsequently removed his monitoring device and made an unauthorized visit to a tavern. As a result, he was convicted of escape. *Id.* On appeal, this court held that the defendant's EMHA was a form of detention because it constituted confinement in a facility of a person convicted of a crime. *Id.* at 170-171. Under such circumstances, this court upheld the escape conviction. *Id. Long* is readily distinguishable because it involved post-conviction EMHA as part of a sentence and Cox's case involves pretrial EMHA as a condition of bail. As set forth above, pretrial EMHA as a condition of bail does not qualify for jail-time credit.

**{¶ 9}** Finally, Cox's appellate brief mentions *State v. Holt*, 2d Dist. Montgomery No. 18035, 2000 WL 569930 (May 12, 2000). We see nothing in *Holt* to support his argument. In *Holt*, this court held that a defendant was not entitled to jail-time credit for time spent on pretrial EMHA. *Id.* at *2. In reaching its conclusion, this court recognized "a consistent line of appellate authority that house confinement with electronic monitoring, whether it is called 'arrest' or 'detention' or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing." *Id.* at *1 (citing cases).

**{¶ 10}** Having reviewed the record and applicable law, we see no error in the trial court's refusal to grant Cox jail-time credit for time spent on pretrial EMHA. The assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Alice Peters
Vernon Cox
Hon. Mary K. Huffman, Administrative Judge