[Cite as *State v. Johnson*, 2018-Ohio-4142.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27937 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1408 |
| | : | |
| JAEKINDE T. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Jaekinde Johnson, appeals from a judgment imposing a five-year prison sentence following Johnson's guilty plea to possession of cocaine (more than 27 grams, but less than 100 grams), a first degree felony. According to Johnson, the trial court erred by holding that it could not award jail-time credit for Johnson's time on the electronic home detention program ("EHDP") prior to his conviction. In addition, Johnson contends that the court erred when it failed to include within jail-time credit the days that Johnson spent on electronic home detention following his conviction.

{¶ 2} For the reasons discussed below, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3} In June 2017, an indictment was filed in the trial court, charging Johnson with one count of possession of an amount of cocaine exceeding 100 grams and one count of possession of drug paraphernalia (the "A" indictment). The possession charge also included a one-year firearm specification. Johnson was served with the indictment and was arrested on June 28, 2017. On the following day, the trial court filed an order recalling the warrant and setting bail (a surety bond) in the amount of $100,000, with a condition of bail that Johnson be on the EHDP. Johnson posted bond that day and was placed on the EHDP.

{¶ 4} In July 2017, Johnson filed a motion to suppress, but withdrew the motion in September 2017. He then pled guilty to count one of the indictment on September 14, 2017, based on the State's agreement to dismiss both count two and the specification to

count one. However, Johnson later orally asked to withdraw his plea and filed another motion to suppress. The court granted the motion to withdraw the plea, and a suppression hearing was set for December 1, 2017. Before the date scheduled for the hearing, the State filed another indictment charging Johnson with trafficking in cocaine (100 grams or more), a first degree felony (the "B" indictment). A one-year firearm specification was also included in this indictment.

{¶ 5} After the court continued the suppression hearing a number of times, Johnson pled guilty to count one of the A indictment (possession of cocaine). In exchange, the State agreed to dismiss count two and the firearm specification in that indictment. The State further agreed to dismiss count one of the B indictment and the firearm specification for that count. The parties also agreed that Johnson would be sentenced to a mandatory term of five to eight years in prison. Finally, Johnson again withdrew his motion to suppress.

{¶ 6} After accepting the plea, the trial court set a sentencing hearing for February 21, 2018. At the sentencing hearing, the court imposed a sentence of five years in prison and rejected Johnson's request for jail-time credit for the eight months that he had spent on home detention. Johnson timely appealed from his sentence.

II. Did the Court Have Discretion to Consider Time on the Electronic Home Detention Program for Purposes of Jail-Time Credit?

{¶ 7} Johnson's First Assignment of Error states that:

The Court Erred When It Held It Did Not Have the Discretion to Consider the Defendant's Time on the Electronic Home Detention Program

for the Purposes of Jail-Time Credit.

{¶ 8} Under this assignment of error, Johnson notes that he was confined to his home for about eight months and was only allowed to leave home to attend court. He stresses that the trial court felt this was akin to confinement in jail, but concluded that it lacked authority to award jail-time credit for time spent on the EHDP based on prior decisions from this court. According to Johnson, this was erroneous.

{¶ 9} When we review felony sentences, we must apply the standard of review contained in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. This statute indicates that "an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41, quoting R.C. 2953.08(G)(2).

{¶ 10} Johnson appears to be arguing that the trial court committed an error of law by concluding that it lacked discretion to consider whether an individual can be credited for time spent on the EHDP. As support for this argument, Johnson relies on *State v. Brown*, 2d Dist. Montgomery No. 13155, 1992 WL 157686 (July 7, 1992).

{¶ 11} In *Brown*, the defendant claimed that he should be given credit for speedy trial purposes for time that he was subject to the EHDP. *Id.* at *1. We rejected that contention, concluding that being subject to the EHDP as a condition of release prior to trial is not the equivalent of being "held in jail in lieu of bail for purposes of R.C. 2945.71." *Id.* at *2.

{¶ 12} In *Brown* we relied on the analysis in *State v. Brownlow*, 75 Ohio App.3d

88, 598 N.E.2d 888 (3d Dist.1991), which stated:

Appellant cites no authority in support of her argument that the home arrest program is tantamount to being incarcerated and this court has found no such authority. R.C. 2945.71(E) clearly provides that each day is to be counted as three days only when the accused is held in jail in lieu of bail. Rather than being held in jail in lieu of bail, Appellant was released after posting bond. This court cannot envision any of the circumstances of Appellant's home arrest program as equivalent to being incarcerated.

An accused's right to bail is governed by Crim.R. 46. The court is authorized by that rule to impose restrictions and conditions on an accused's right to bail in order to assure her appearance at trial. In particular, Crim.R. 46(C)(2) authorizes the court to impose restrictions on the accused's travel, association, or place of abode. Crim.R. 46(C)(5) authorizes the court to "impose any other constitutional condition considered reasonably necessary to assure appearance." The trial court in this case did not exceed its authority in placing restrictions on Appellant pursuant to the home arrest program.

*Brown* at *3, quoting *Brownlow* at 91.

{¶ 13} In *Brow*n, we addressed another assignment of error that involved whether the trial court had abused its discretion in overruling the defendant's speedy trial motion without holding an evidentiary hearing. This is the part of the opinion on which Johnson relies.

{¶ 14} In overruling this assignment of error, we commented that the defendant did

not make a timely motion for a hearing, and that "there can be no doubt that trial judges who utilize the EHDP are familiar with its characteristics and can determine without an evidentiary hearing whether it is the equivalent of being held in jail in lieu of bail." *Id.* at *4. We further remarked:

> Finally, prior to accepting his pleas of no contest, the trial court did allow Brown, by counsel, to make a proffer as to whether being subject to the EHDP was equivalent to being held in jail in lieu of bail. Presumably at that juncture, the trial court would have vacated its prior ruling on Brown's motion to dismiss if persuaded by the proffer, over which the trial court presided, that being subject to the EHDP was the equivalent of being held in jail in lieu of bail. Brown's counsel made a thorough proffer as to the limitations upon Brown's freedom of movement as a result of being subject to the EHDP. From our review of the proffer, we are well satisfied that the trial court acted correctly in maintaining its position that the motion to dismiss should be overruled. Nothing in the proffer persuades us that the limitations upon freedom of movement resulting from the EHDP are the equivalent of being held in jail in lieu of bail.

*Id.* at *4.

{¶ 15} Based on these remarks, Johnson argues that we did, in fact, indicate that trial courts have discretion to consider whether the conditions of a defendant's EHDP have sufficiently restricted his or her freedom such that confinement on the EHDP is tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit.

{¶ 16} We disagree that our comments in *Brown* should be interpreted in this

manner.    As an initial point, the above comments were dicta, as they were not necessary for our decision.    Specifically, we had already noted that the defendant did not make a timely request for a hearing, which would have resulted in waiver of the issue, even though we did not specifically say so.    *See, e.g., State v. Sigmon*, 2d Dist. Montgomery No. 25149, 2013-Ohio-813, ¶ 15 (right to a hearing is waived if defendant fails to ask for it); *State v. Nields*, 93 Ohio St.3d 6, 18, 752 N.E.2d 859 (2001) (failure to request a bond hearing waives the issue).

{¶ 17} Furthermore, we subsequently stated that "[t]here is a consistent line of appellate authority that house confinement with electronic monitoring, whether it is called "arrest" or "detention" or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing."    *State v. Holt*, 2d Dist. Montgomery No. 18035, 2000 WL 569930, *1 (May 12, 2000).    We further commented in *Holt* that:

> In contrast, EHDP time served as part of the sentence is recognized as a form of "detention" for purposes of applying the escape statute, as this court has held.    *State v. Long* (1992), 82 Ohio App.3d 168, 611 N.E.2d 504. *See also State v. Duke* (Feb. 19, 1999), Fulton App. No. F-98-010, unreported, citing *Long*.    On the other hand, this court has also held that EHDP is not equivalent to being held in jail in lieu of bail for speedy trial purposes.    *State v. Brown* (July 7, 1992), Montgomery App. No. 13155, unreported; *State v. Truesdale* (Dec. 15, 1995), Montgomery App. No. 15174, unreported.

*Id.*    We stressed in *Holt* that we had "summarized the current law in this area of electronic detention for purposes of guidance in this district," even though doing so was not

necessary to our decision. *Id.* Nothing has changed since our decision in *Holt.*

{¶ 18} Recently, we again rejected a defendant's argument that the conditions of his home confinement prior to conviction were so restrictive that he should have been given jail-time credit. *See State v. Cox*, 2d Dist. Montgomery No. 27276, 2017-Ohio-2606. In *Cox*, the defendant had spent nearly a year on pretrial electronically monitored home arrest ("EMHA"), during which he was not authorized to leave his house to go to work; as a result, he claimed that he lost his job. *Id.* at ¶ 3 and fn.2. The defendant was also only allowed to leave home for medical or legal appointments. *Id.* at ¶ 6.

{¶ 19} In rejecting the defendant's request for jail-time credit, we emphasized the well-settled law that "pretrial EMHA as a condition of bail does not constitute confinement or detention for purposes of awarding jail-time credit." *Id.* at ¶ 5, citing *State v. Bennett*, 2d Dist. Greene No. 2014-CA-17, 2014-Ohio-4102, ¶ 7.

{¶ 20} Notably, *Bennett* cited many cases, including *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047. *Bennett* at ¶ 7. In *Gapen*, the Supreme Court of Ohio observed that "Ohio courts of appeals have generally held that persons under pretrial electronic home monitoring are not entitled to credit for time served, because pretrial electronic home monitoring is a 'constraint in lieu of bail pursuant to R.C. 2967.191' and is not detention under R.C. 2921.01(E)." *Id.* at ¶ 68.

{¶ 21} Based on the above authority, trial courts may not treat a defendant's electronically-monitored home confinement, imposed as a condition of bail, as here, as tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit. Accordingly, Johnson's First Assignment of Error is overruled.

### III. Did the Court Err by Failing to Include Days on EHDP After Conviction Towards Jail-Time Credit?

**{¶ 22}** Johnson's Second Assignment of Error states that:

The Court Erred When It Did Not Include the Days Spent on the Electronic Home Detention Program Toward Jail-Time Credit After the Defendant's Conviction.

**{¶ 23}** Under this assignment of error, Johnson contends that the trial court should have credited him with the time he spent on the EHDP between the date he pled guilty and the date he was sentenced. Johnson pled guilty on February 9, 2018, and was sentenced on February 21, 2018. The court gave Johnson five days of jail-time credit, based on the amount indicated in the presentence investigation report. Transcript of Proceedings, p. 16. Johnson did not object to the five-day credit.

**{¶ 24}** Johnson's failure to object waives any error other than plain error. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 36. Notice of this type of error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶ 25}** According to Johnson, the record does not indicate if he continued with the EHDP after the plea. Nonetheless, he argues that "if" he did remain in the EHDP, he should be credited with that time. Appellant's Brief, p. 7. Our review, however, is confined to matters that are in the record. *See, e.g., State v. Hawkins*, 2d Dist. Montgomery No. 27019, 2018-Ohio-867, ¶ 131, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). If such facts existed, Johnson had the duty to establish them in

the trial court. Because he did not, the record does not demonstrate a situation that involves exceptional circumstances or any manifest injustice that should be prevented.

{¶ 26} Based on the preceding discussion, the Second Assignment of Error is overruled.

IV.   Conclusion

{¶ 27} All of Johnson's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Christopher C. Green
Hon. Steven K. Dankof