[Cite as *State v. Boscarino*, 2019-Ohio-3917.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28253 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-2802 |
| | : | |
| NIKOLAOS BOSCARINO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

NIKOLAOS BOSCARINO, Inmate No. 676-278, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** On December 21, 2012, following a jury trial, Nikolaos Boscarino was found guilty of one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the first degree; one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and one count of resisting arrest, in violation of R.C. 2921.33(B), also a misdemeanor of the first degree. The court found that Boscarino was a repeat violent offender and imposed a mandatory prison term of seven years for felonious assault, as well as 180 days in the Montgomery County Jail for each misdemeanor offense, to be served concurrently to the felony offense. The court ordered that Boscarino receive 68 days of jail-time credit. This Court affirmed Boscarino's conviction and sentence on May 2, 2014. *State v. Boscarino*, 2d Dist. Montgomery No. 25580, 2014-Ohio-1858.

**{¶ 2}** On September 4, 2018, Boscarino filed a pro se motion to receive jail-time credit for an additional 441 days during which he "was confined to house arrest prior to trial." On September 17, 2018, the trial court filed an entry in which it reaffirmed its prior determination that Boscarino was entitled to 68 days of jail-time credit and concluded that Boscarino was not entitled to jail-time credit for a pre-trial period of electronically-monitored house arrest. Boscarino appeals from this decision. We hereby affirm the judgment of the trial court.

**{¶ 3}** On February 8, 2013, after his trial and sentencing, Boscarino filed a pro se motion for jail-time credit. The motion stated that Boscarino had been on an electronic home detention program ("EHDP") from September 30, 2011 until November 2, 2012, and that he was entitled to 400 days of jail-time credit. On February 12, 2013, a jail-time credit report was filed by the Division of Court Services, which reflected that Boscarino was entitled to 68 days of jail-time credit: one day on August 12, 2011; 18 days from

September 13-30, 2011; and 49 days from November 2 - December 20, 2012. By that time, Boscarino's appeal was pending, and the trial court took no further action on his motion at that time.

{¶ 4} On April 24, 2017, the court issued an order denying Boscarino's request for early release and credit for time served on electronic home detention. The order referenced an April 4, 2017 correspondence from Boscarino to the court (which is not part of the record before us), which requested early release and credit for time served on EHDP. The court indicated that it construed the correspondence as a motion for judicial release. The court concluded that, given his mandatory sentence, Boscarino was ineligible for early release; it further concluded that credit for time served while on EHDP only applies to postconviction detention.

{¶ 5} On September 4, 2018, Boscarino filed a pro se motion for jail-time credit, in which he requested 509 days credit, rather than 68. The State filed a motion in opposition. On September 17, 2018, the court's reaffirmed its February 12, 2013 decision which awarded 68 days of jail-time credit. Citing *State v. Cox*, 2d Dist. Montgomery No. 27276, 2017-Ohio-2606, ¶ 5, the court held that "[i]t is well settled that pretrial [EHDP] as a condition of bail does not constitute confinement or detention for purposes of awarding jail-time credit."

{¶ 6} Boscarino asserts one assignment of error on appeal:

THE TRIAL COURT ERRED IN ITS CALCULATION OF JAIL TIME CREDIT. BECAUSE, THE COURT FAILED TO CREDIT THE DEFENDANT FOR THE 441 DAYS OF CONFINEMENT UNDER HOUSE ARREST, RESULTING IN A VIOLATION OF DEFENDANT'S RIGHT OF

DUE PROCESS EQUAL LAW [SIC] AS GUARANTEED, BY THE 5TH, 14TH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE 1, OHIO CONSTITUTION; R.C. 2929.19 AND R.C. 2967.191.

{¶ 7} Boscarino asserts that he was confined under "house arrest" for 441 days while awaiting trial prior to his conviction on November 30, 2012, which amounts to 441 days of confinement for which he should get credit.

{¶ 8} R.C. 2967.191(A) provides:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court * * * and confinement in a juvenile facility. * * *

{¶ 9} As this court has noted:

At any time after sentencing, a defendant may file a motion in the sentencing court to correct that court's jail-time credit determination, "and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii). As a result, a trial court's denial of an appellant's motion to correct jail-time credit is subject to review under an abuse of discretion standard. *State v. Dean*, 10th Dist. Franklin Nos. 14AP-173 &

14AP-177, 2014-Ohio-4361, ¶ 5. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." *State v. Miller*, 2d Dist. Montgomery No. 25893, 2014-Ohio-4508, ¶ 22, quoting *State v. Garcia,* 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 10.

*State v. Ragland*, 2018-Ohio-3292, 118 N.E.3d 1051, ¶ 18 (2d Dist.).

{¶ 10} The trial court's docket reflects that, on September 14, 2011, the court imposed EHDP as a condition of bail.

{¶ 11} This court recently addressed this issue at length as follows:

* * * [W]e [have] stated that "[t]here is a consistent line of appellate authority that house confinement with electronic monitoring, whether it is called "arrest" or "detention" or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing." *State v. Holt*, 2d Dist. Montgomery No. 18035, 2000 WL 569930, *1 (May 12, 2000). * * *

Recently, we again rejected a defendant's argument that the conditions of his home confinement prior to conviction were so restrictive that he should have been given jail-time credit. *See State v. Cox*, 2d Dist. Montgomery No. 27276, 2017-Ohio-2606. In *Cox*, the defendant had spent nearly a year on pretrial electronically monitored home arrest ("EMHA"), during which he was not authorized to leave his house to go to work; as a result, he claimed that he lost his job. *Id.* at ¶ 3 and fn. 2. The defendant was also only allowed to leave home for medical or legal

appointments. *Id.* at ¶ 6.

In rejecting the defendant's request for jail-time credit, we emphasized the well-settled law that "pretrial EMHA as a condition of bail does not constitute confinement or detention for purposes of awarding jail-time credit." *Id.* at ¶ 5, citing *State v. Bennett*, 2d Dist. Greene No. 2014-CA-17, 2014-Ohio-4102, ¶ 7.

Notably, *Bennett* cited many cases, including *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047. *Bennett* at ¶ 7. In *Gapen*, the Supreme Court of Ohio observed that "Ohio courts of appeals have generally held that persons under pretrial electronic home monitoring are not entitled to credit for time served, because pretrial electronic home monitoring is a 'constraint in lieu of bail pursuant to R.C. 2967.191' and is not detention under R.C. 2921.01(E)." *Id.* at ¶ 68.

Based on the above authority, trial courts may not treat a defendant's electronically-monitored home confinement, imposed as a condition of bail, as here, as tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit.

*State v. Johnson*, 2d Dist. Montgomery No. 27937, 2018-Ohio-4142, ¶ 17-21.

**{¶ 12}** Based upon the foregoing, we conclude that the trial court did not abuse its discretion in denying Boscarino's request for 441 additional days of jail-time credit.

**{¶ 13}** Boscarino's assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Nikolaos Boscarino
Hon. Steven L. Dankof