[Cite as *State v. Nichols*, 2020-Ohio-4596.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-38 |
| | : | |
| JAMES DELBERT NICHOLS, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2020.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, 210 West Main Street, Troy, Ohio 45373
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, James Delbert Nichols, Sr., appeals from a judgment of the Champaign County Court of Common Pleas denying his post-sentence motion for correction of jail-time credit. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On March 2, 2017, a Champaign County grand jury returned a 16-count indictment charging Nichols with four counts of burglary, two counts of receiving stolen property, two counts of having weapons while under disability, two counts of grand theft of a firearm, two counts of theft from a person in a protected class, one count of theft of drugs, one count of petty theft, one count of aggravated possession of drugs, one count of aggravated trafficking in drugs, with five firearm specifications.

{¶ 3} On March 15, 2017, Nichols appeared before the trial court for his arraignment hearing. During this hearing, the trial court found that Nichols was indigent and continued the hearing for two days so that Nichols could contact his public defender. The trial court also placed Nichols on a personal recognizance bond with special conditions. The special conditions included a requirement that Nichols abide by a curfew and have no contact with the victims of his alleged offenses.

{¶ 4} On March 17, 2017, Nichols and his defense counsel appeared before the trial court for the second arraignment hearing. At this hearing, Nichols pled not guilty to all the charges set forth in the indictment. The trial court accepted Nichols' not guilty plea, scheduled the matter for a case scheduling conference, and continued Nichols' personal recognizance bond as it was previously set. However, on April 3, 2017, the

trial court modified Nichols' personal recognizance bond to include the special condition that he remain on electronically-monitored house arrest ("EMHA"). According to the modification, Nichols was only allowed to leave his home to go to court, his attorney's office, and certain medical appointments.

{¶ 5} Between April 7, 2017 and June 28, 2017, Nichols filed several motions requesting the trial court to modify the terms of his bond. In each motion, Nichols requested the trial court to permit him to attend a specific event including church services, an MRI for his shoulder, chiropractic appointments, and follow-up treatment for his shoulder. The trial court granted each of Nichols' motions.

{¶ 6} On June 5, 2017, Nichols entered a plea agreement with the State whereby he agreed to plead guilty to two counts of burglary, one count of aggravated trafficking in drugs, and one count of grand theft of a firearm with a one-year firearm specification. In exchange for Nichols' guilty plea, the State agreed to dismiss the remaining charges and firearm specifications and to recommend that a presentence investigation be conducted prior to sentencing. The parties also agreed that Nichols was guilty of grand theft of a firearm under the theory of complicity. The trial court accepted Nichols' guilty plea and scheduled the matter for sentencing.

{¶ 7} On July 10, 2017, the trial court sentenced Nichols to a total, aggregate term of 66 months in prison and ordered Nichols to pay court costs and $329.99 in restitution. Shortly after the sentencing hearing, the trial court realized that it had neglected to impose a sentence for Nichols' aggravated trafficking offense. As a result, the trial court continued the sentencing hearing to the next day.

{¶ 8} On July 11, 2017, the trial court resentenced Nichols. In doing so, the trial

court imposed the same sentences it had imposed the day before along with an 8-month prison term for aggravated trafficking in drugs. The 8-month prison term was ordered to run concurrently to the other sentences, thus Nichols' total, aggregate sentence was still 66 months in prison.

{¶ 9} Prior to the trial court's imposing its sentence, Nichols requested that the trial court award him jail-time credit for the time he was on EMHA. The trial court denied Nichols' request and explained that: "[w]hen you are placed on house arrest and electronic monitoring as part of the pretrial condition of bond, it is not to be considered jail-time credit." Sentencing Tr. (July 11, 2017), p. 3. Nichols did not object to the trial court's ruling at the sentencing hearing. Nichols also did not appeal his conviction.

{¶ 10} On December 18, 2019, over two years after he was sentenced, Nichols filed a "Motion to Correct Jail-Time Credit," which again requested the trial court to award him jail-time credit for the time he was on EMHA. The trial court denied Nichols' motion on December 20, 2019.

{¶ 11} Nichols now appeals from the denial of his post-sentence motion to correct jail-time credit, raising a single assignment of error for review.


**Assignment of Error**

{¶ 12} Under his assignment of error, Nichols argues that the trial court erred in denying his post-sentence motion for correction of jail-time credit. Specifically, Nichols claims that his motion should have been granted because, while on EMHA, he was "confined" as required for receiving jail-time credit under R.C. 2967.191(A). We disagree.

{¶ 13} R.C. 2967.191(A) governs jail-time credit and provides that:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court * * * and confinement in a juvenile facility. * * *

{¶ 14} Recently, the Supreme Court of Ohio analyzed the language of R.C. 2967.191(A) and explained that "[b]y providing an illustrative list of the types of confinement that qualify for a jail-time credit, the General Assembly has demonstrated that it intends that credit should not be given for all types of confinement." *State v. Reed*, Ohio Slip Opinion No. 2020-Ohio-4255, __ N.E.3d __, ¶ 15. More specifically, the Supreme Court held that: "The legislature has expressed the intent that credit is to be given only for the time the defendant is confined in a public or private facility. Confinement in a personal residence, therefore, does not qualify under the statute." *Id.* at ¶ 16. In so holding, the Supreme Court determined that jail-time credit does not apply to post-conviction EMHA. *Id.* at ¶ 18.

{¶ 15} This court has similarly held "that pretrial EMHA as a condition of bail does not constitute confinement or detention for purposes of awarding jail-time credit." (Citation omitted.) *State v. Cox*, 2d Dist. Montgomery No. 27276, 2017-Ohio-2606, ¶ 5.

*Accord State v. Boscarino*, 2d Dist. Montgomery No. 28253, 2019-Ohio-3917, ¶ 11-12; *State v. Johnson*, 2d Dist. Montgomery No. 27937, 2018-Ohio-4142, ¶ 21 ("trial courts may not treat a defendant's electronically-monitored home confinement, imposed as a condition of bail, as tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit"); *State v. Bennett*, 2d Dist. Greene No. 2014-CA-17, 2014-Ohio-4102, ¶ 7 ("electronic monitoring as a condition of bond did not constitute 'confinement' for purposes of jail-time credit").

**{¶ 16}** Although Nichols acknowledges this court's prior holdings on the EMHA/jail-time credit issue, he asks this court to abandon its well-established precedent in favor of finding that the plain meaning of the term "confinement" in R.C. 2967.191(A) encompasses pretrial EMHA. We, however, decline Nichols' offer. We will instead follow the Supreme Court of Ohio's recent decision in *Reed* and continue to adhere to the prior decisions of this court.

**{¶ 17}** We also note that the issue raised in Nichols' post-sentence motion for correction of jail-time credit is barred by the doctrine of res judicata. "Under the doctrine of res judicata, 'any issue that could have been raised on direct appeal,' and yet was not, 'is not subject to review in subsequent proceedings.' " *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 30, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Since the enactment of former R.C. 2929.19(B)(2)(g)(iii), which is now codified as R.C. 2929.19(B)(2)(h)(iii), [1] "[t]he determination of whether res judicata bars an appellant's post-sentencing jail time credit claim turns * * * on whether an appellant did or did not raise the same jail time credit issue

---

[1] *See* 2018 Ohio Laws File 157 (Am. Sub. S.B. 201).

at sentencing." *State v. Ragland*, 2018-Ohio-3292, 118 N.E.3d 1051, ¶ 15 (2d Dist.), citing former R.C. 2929.19(B)(2)(g)(iii) and *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 11-12. "If the appellant did not [raise the jail-time credit issue at sentencing], the doctrine of res judicata does not apply, despite the failure to raise the issue on the direct appeal of the conviction and sentence." *Id.*, citing *Thompson* at ¶ 12. (Other citation omitted.)

**{¶ 18}** In this case, Nichols admits that he raised the issue of receiving jail-time credit for the time he was on EMHA at his July 11, 2017 sentencing hearing. *See* Sentencing Tr. (July 11, 2017), p. 2-3. Since Nichols sought jail-time credit for the time he was on EMHA at his sentencing hearing, and he did not appeal from the trial court's decision denying him said credit, the doctrine of res judicata bars him from raising the same request for jail-time credit two years later in his post-sentence motion for correction of jail-time credit.

**{¶ 19}** For all the foregoing reasons, Nichols' sole assignment of error is overruled.

### Conclusion

**{¶ 20}** Having overruled Nichols' assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Samuel Adam Usmani
Michael J. Scarpelli
Hon. Nick A. Selvaggio