[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reed*, Slip Opinion No. 2020-Ohio-4255.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4255

THE STATE OF OHIO, APPELLANT, *v*. REED, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reed*, Slip Opinion No. 2020-Ohio-4255.]

*Criminal law—R.C. 2967.191(A)—Jail-time credit—Postconviction house arrest and electronic monitoring—Jail-time credit is given for confinement in a public or private facility, not in a residence—A defendant is not entitled to jail-time credit for days he spent in postconviction house arrest.*

(No. 2019-0631—Submitted April 7, 2020—Decided September 1, 2020.)

APPEAL from the Court of Appeals for Erie County,

No. E-17-037, 2019-Ohio-1266.

_____

KENNEDY, J.

{¶ 1} In this discretionary appeal from the Sixth District Court of Appeals, we are asked to determine whether a defendant is entitled to jail-time credit for the days he was on postconviction house arrest and postconviction electronic

monitoring. Before we can make that determination, we must first establish which statute applies to appellee Eric Reed's request for jail-time credit.

{¶ 2} The state's proposition of law and both parties' arguments cite R.C. 2949.08(C)(1). However, R.C. 2949.08(C)(1) applies to the reduction of a sentence when a person is sentenced to jail for a felony or misdemeanor. Reed's sentence was to be served in prison, not jail. R.C. 2967.191(A), which guides the reduction of a sentence for a person sentenced to a term in prison, applies to the determination whether Reed is entitled to jail-time credit for the time he spent on postconviction house arrest. Because the relevant language is the same in both R.C. 2967.191(A) and 2949.08(C)(1), the parties' arguments apply with equal force to an interpretation of R.C. 2967.191(A).

{¶ 3} Based on the plain and unambiguous language of R.C. 2967.191(A), we conclude that a defendant is not entitled to jail-time credit for those days. Therefore, we reverse the judgment of the court of appeals, which reversed the trial court's judgment denying credit for the days the defendant was on house arrest and electronic monitoring, and we reinstate the judgment of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 4} The Erie County Grand Jury returned a three-count indictment against Reed for (1) promoting or engaging in criminal conduct while actively participating in a criminal gang, in violation of R.C. 2923.42, (2) aggravated rioting, in violation of R.C. 2917.02(A)(2), and (3) assault, in violation of R.C. 2903.13(A). On July 14, 2015, Reed pleaded guilty to the charge involving criminal-gang activity. The remaining charges—aggravated rioting and assault—were dismissed. The trial court sentenced him to community-control sanctions for a period of five years, beginning on August 25, 2015, and stated that if he failed to comply with those sanctions, he would serve a term of imprisonment of five years.

{¶ 5} Reed acknowledged the conditions of his release in a form issued by the Erie County Adult Probation Department. The form noted that Reed was

2

required to obey all state laws and that the probation department had the authority to revoke or modify the conditions of his community-control sanctions.

{¶ 6} In December 2015, Reed was placed on house arrest after he violated terms of his community control, and in March 2016, he was placed on electronic monitoring after new charges were brought against him.

{¶ 7} On October 25, 2016, Reed made an initial appearance before the trial court for violating the terms and conditions of his community-control sanctions. After a series of continuances, a hearing was held on July 7, 2017. Reed admitted that he had violated the terms and conditions of his community control. He asserted during the hearing that he was entitled to jail-time credit for the time he was on standard house arrest and electronic monitoring. The trial court denied Reed's motion for jail-time credit, found that he had violated the terms of his community-control sanctions, and imposed a "definite sentence for the term of five (5) years." Reed appealed to the Sixth District Court of Appeals.

{¶ 8} The appellate court reversed, stating that as used in R.C. 2949.08(C)(1), the term "confinement" is "synonymous with the term 'detention' as defined in R.C. 2921.01(E)." 2019-Ohio-1266, 133 N.E.3d 1068, ¶ 11, citing *State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804, ¶ 12, and *State v. Sutton*, 6th Dist. Lucas No. L-03-1104, 2004-Ohio-2679, ¶ 13. The court of appeals explained that R.C. 2921.01(E) had at one time excluded " 'supervision and restraint incidental to probation, parole and release on bail,' " *id*. at ¶ 12, quoting *Holmes* at ¶ 15, but that the current statute did not contain that exclusion. The court held that Reed was entitled to jail-time credit for the time he was on house arrest and electronic monitoring. *Id*. at ¶ 18.

{¶ 9} The state appealed, and we accepted one proposition of law:

A criminal defendant is not entitled to detention-time credit for time spent on postconviction house arrest, as the term

"confinement" used in R.C. 2949.08(C)(1) is not synonymous with the terms "detention" as defined in R.C. 2921.01(E), a defendant's freedom of movement during house arrest is not restrained such that he or she could not leave his or her own home of his and her own volition, and the fact a defendant may face consequences for choosing to violate house arrest does not transform house arrest into confinement and should not be considered by a court.

*See* 156 Ohio St.3d 1463, 2019-Ohio-2892, 126 N.E.3d 1175. As stated above, we modify the state's proposition of law to address R.C. 2967.191(A).

## POSITIONS OF THE PARTIES

{¶ 10} The state contends that the Sixth District erred in using the definition of "detention" from R.C. 2921.01(E), which by its express terms applies only to R.C. 2921.01 through 2921.45, to define the word "confinement" in R.C. 2949.08(C)(1). For this reason, the state maintains that the court of appeals improperly relied on its precedent holding that postconviction house arrest is detention for the purpose of awarding jail-time credit. Further, the state argues that house arrest does not fall under the definition of "detention," because an offender's home is not a "public or private facility for custody of persons charged with or convicted of crime," R.C. 2921.01(E). According to the state, house arrest is not "confinement," because a defendant's freedom of movement is not severely restrained while on house arrest and a defendant can leave his home of his own accord.

{¶ 11} Reed points out that R.C. Chapter 2949 does not define the word "confinement," and he argues that it was reasonable for the Sixth District, in giving the word its common, ordinary, and accepted meaning, to use "the next closest term for which a Revised Code definition existed—the analogous term of 'detention' under R.C. 2921.01(E)." He contends that the word "confinement" is ambiguous

and therefore that the rule of lenity should apply to construe its meaning in favor of reducing his sentence. Reed maintains that he could have been prosecuted for escape if he had walked away from his house without authorization, just as if he had escaped from prison. He notes that he was not free to come and go as he wished but that his schedule was set by his probation officer in advance, and he argues that therefore, his house arrest was a detention in a private facility for the custody of a person convicted of a crime.

## LAW AND ANALYSIS

**{¶ 12}** Because the issue raised by the proposition of law involves "the interpretation of a statute, which is a question of law, we review the court of appeals' judgment de novo." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9, citing *Med. Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

**{¶ 13}** "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000).

> "In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses [*sic*] the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself,

and any attempt to make it clearer is a vain labor and tends only to obscurity."

(Bracketed material added in *Jasinsky.*) *Jasinsky v. Potts*, 153 Ohio St. 529, 534, 92 N.E.2d 809 (1950), quoting 50 American Jurisprudence 2d, Section 22, at 205-207 (1944).

{¶ 14} The General Assembly provides for jail-time credit in R.C. 2967.191(A) for those sentenced to prison. While both the state and Reed focus on the meaning of the word "confinement," we focus instead on the language describing the types of confinement that entitle a defendant to jail-time credit. The statute provides:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department

of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

*Id.*

{¶ 15} This statute uses the word "including," and "use of the word 'include' can signal that the list that follows is meant to be illustrative rather than exhaustive," *Samantar v. Yousuf*, 560 U.S. 305, 317, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010). In these circumstances, "the general or unstated terms in the definition should be determined with reference to the terms expressly included." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 150-151, 735 N.E.2d 433 (2000). By providing an illustrative list of the types of confinement that qualify for a jail-time credit, the General Assembly has demonstrated that it intends that credit should not be given for all types of confinement. Otherwise, the General Assembly would not have included the illustrative list. But the list was included. It must be given effect; if not, it would be superfluous. But we are obligated to give effect to every word in a statute and avoid a construction that would render any provision superfluous. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23.

{¶ 16} The list sets out the types of confinement that entitle a defendant to jail-time credit. A defendant imprisoned for a felony or misdemeanor is entitled to a credit if he was confined while waiting for trial, for a determination of competency or sanity, or for transportation to the place where the sentence is to be served or if he was confined in a juvenile facility. *See* R.C. 2152.04 (permitting a juvenile to be confined in a juvenile detention facility for up to 90 days prior to disposition of charges against the juvenile). Each of these situations involves a public or private facility intended for penal confinement. The legislature has expressed the intent that credit is to be given only for the time the defendant is

confined in a public or private facility. Confinement in a personal residence, therefore, does not qualify under the statute.

{¶ 17} "The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts*, 56 (2012). "Judges have no inherent power to create sentences." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law,* Section 1:3, at 4 (2008), fn. 1. "Rather, judges are duty bound to apply sentencing laws as they are written." *Id.* R.C. 2967.191(A) therefore does not provide a credit for postconviction confinement in a personal residence.

{¶ 18} In this case, after violating the terms and conditions of his community-control sanctions, Reed was placed on standard house arrest and electronic monitoring. Because the General Assembly does not provide a credit for postconviction house arrest and electronic monitoring to be applied against the sentence imposed for a violation of the conditions of community control, the trial court did not err in denying Reed's motion for jail-time credit.

## CONCLUSION

{¶ 19} R.C. 2967.191(A) is plain and unambiguous and limits a jail-time credit to specific types of confinement, those in which the defendant is confined in a public or private facility. The statute does not provide for a reduction in sentence for a term of postconviction house arrest or electronic monitoring imposed for violating community-control sanctions.

Judgment reversed.

FRENCH, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

DONNELLY, J., dissents, with an opinion joined by STEWART, J.

————————————

**DONNELLY, J., dissenting.**

{¶ 20} According to the majority, jail-time credit for confinement is earned by defendants who have been sentenced to serve time in a public or private facility but not by defendants sentenced to serve time on house arrest with electronic monitoring. But the majority's distinction is not supported by statutory law and is inconsistent with statutory history. Because I believe the Sixth District Court of Appeals reached the right result, I respectfully disagree with the majority's decision to reverse that court's judgment.

{¶ 21} The record here reflects that appellee, Eric Reed, entered a plea of guilty to one count of criminal-gang activity in violation of R.C. 2923.42. The trial court sentenced him to the maximum five years of community control, beginning on August 25, 2015, stating that a failure to comply with those sanctions could result in a five-year prison term. *See* R.C. 2929.15(A)(1). After Reed violated the terms of community control, the trial court imposed more restrictive sanctions pursuant to R.C. 2929.15(B)(1)(b) and 2929.17(B), consisting of a term of house arrest with electronic monitoring. Reed was charged several months later with violating the terms and conditions of his community-control sanctions, and the trial court ultimately revoked Reed's sanctions, sentenced him to serve a five-year prison term, and denied his motion for jail-time credit.

{¶ 22} The majority says Reed's house arrest with electronic monitoring does not qualify as "confinement" that would make him eligible for jail-time credit under R.C. 2967.191(A). For the reasons that follow, I respectfully disagree.

{¶ 23} R.C. 2967.191(A) reads as follows:

> The department of rehabilitation shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner *was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including* confinement in lieu of bail while awaiting trial,

confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division [(B)(2)(g)(i)] of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

(Emphasis added.)

{¶ 24} " '[I]ncluding' implies that that which follows is a partial, not an exhaustive listing of all that is subsumed within the stated category. 'Including' is a word of expansion rather than one of limitation or restriction." *In re Hartman,* 2 Ohio St.3d 154, 156, 433 N.E.2d 516 (1983). The General Assembly's use of the word "including" thus signifies that what follows is intended to be illustrative but not exhaustive. *See, e.g., Trans Rail Am., Inc. v. Enyeart,* 123 Ohio St.3d 1, 2009-Ohio-3624, 913 N.E.2d 948, ¶ 28 ("The statute says that 'action' or 'act' *includes* certain things, thus showing the General Assembly's intent to illustrate the types of actions that may be appealable, rather than to set out an exhaustive list" [emphasis sic]).

{¶ 25} R.C. 2967.191(A) unequivocally permits jail-time credit for the total number of days that the defendant "was confined for any reason arising out of the offense for which the [defendant] was convicted and sentenced." R.C. 2967.191(A) does not on its face limit or restrict the form of confinement for which jail-time credit shall be given. And the General Assembly has made clear that house arrest *is* confinement.

{¶ 26} Specifically, R.C. 2929.01(P) provides:

"House arrest" means a period of *confinement* of an offender that is in the offender's home or in other premises specified by the

sentencing court or by the parole board pursuant to section 2967.28 of the Revised Code and during which all of the following apply:

(1) The offender is required to remain in the offender's home or other specified premises for the specified period of confinement, except for periods of time during which the offender is at the offender's place of employment or at other premises as authorized by the sentencing court or by the parole board.

(2) The offender is required to report periodically to a person designated by the court or parole board.

(3) The offender is subject to any other restrictions and requirements that may be imposed by the sentencing court or by the parole board.

(Emphasis added.)

{¶ 27} Thus, by the express terms of R.C. 2929.01(P), house arrest that contains the three elements set forth is "confinement."

{¶ 28} In this case, Reed was sentenced to house arrest with electronic monitoring under R.C. 2929.17(B). His ability to leave his residence was restricted and subject to stringent conditions imposed by his probation officer. To the extent his house arrest met the test of R.C. 2929.01(P), it was confinement. And because he was confined for a reason arising out of the offense for which he was convicted and sentenced, the time he served under house arrest qualifies for jail-time credit under R.C. 2967.191(A).

{¶ 29} According to the majority, however, "[t]he legislature has expressed the intent that credit is to be given only for the time the defendant is confined in a public or private facility. Confinement in a personal residence, therefore, does not qualify under the statute." Majority opinion at ¶ 16. But the text of R.C. 2967.191(A) does not limit or restrict jail-time credit to time served in a "public or

private facility." To reach its result, the majority effectively adds those words to the text of R.C. 2967.191(A) to justify its newfound limitation. That is improper, for in matters of statutory construction, our duty is to give effect to the words used, not to delete words that were used or insert words that were not used. *See Cleveland Elec. Illum. Co. v. Cleveland,* 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. *See also Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18 ("We apply the statute as written * * * and we refrain from adding or deleting words when the statute's meaning is clear and unambiguous").

{¶ 30} The majority cites *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 735 N.E.2d 433 (2000), in which the court, when reviewing a zoning ordinance, applied the canon of ejusdem generis to determine the general or unstated terms by referring to the terms expressly included in the ordinance's definition of an "accessory building." But R.C. 2967.191(A) is not definitional, and the mere fact that it lists examples of confinement does not by any means suggest a legislative intent to restrict the allowance of jail-time credit to only those days a person was confined in a public or private facility.

{¶ 31} If it were the General Assembly's intent to deny jail-time credit for the time an offender served on electronically monitored house arrest, it certainly knew how to do so because it had done so previously. Former R.C. 2929.23(B)(2), 148 Ohio Laws, Part IV, 8353, 8386, provided as follows:

> If an eligible offender violates any of the restrictions or requirements imposed upon the eligible offender as part of the eligible offender's period of electronically monitored house arrest, the eligible offender shall not receive credit for any time served on electronically monitored house arrest toward any prison term or sentence of imprisonment imposed upon the eligible offender for the

offense for which the period of electronically monitored house arrest was imposed.

{¶ 32} The General Assembly removed that language effective January 1, 2004. *See* 149 Ohio Laws, Part I, 9484, 9676. I am not aware of any other provision of the current Revised Code that revived its provisions. The removal of that language, coupled with the nonrestrictive language in R.C. 2967.191(A), shows that it is no longer the General Assembly's intent to deny jail-time credit for time that offenders serve under electronically monitored house arrest.

{¶ 33} I agree with the majority that "confinement" contemplates a restraint on a defendant's ability to come and go without permission. In my view, however, house arrest coupled with electronic monitoring imposes restraints on the defendant's freedom to come and go as he pleases. An electronic monitoring device tracks the defendant's movements and registers any attempts to remove, alter, or tamper with its operation. *See* R.C. 2929.01(UU).

{¶ 34} The terms of Reed's house arrest expressly define any permitted departures from the premises and by implication prohibit any unauthorized departures. The electronic monitoring device operates in place of facility staff to regulate a defendant's permitted actions. All costs associated with the defendant's house arrest are borne by a defendant or the owner of the residential premises rather than by the public through the costs of incarceration and staffing of the public or private facility.

{¶ 35} Fundamentally, however, the relevant statutory law expressly authorizes jail-time credit for time spent in confinement for any reason arising out of the offense for which the defendant was convicted and sentenced. R.C. 2967.191(A). To the extent there may be ambiguity in R.C. 2967.191(A), I would apply the rule of lenity, which requires that statutes defining offenses or penalties be strictly construed against the state and liberally construed in favor of an accused,

R.C. 2901.04(A); *State v. Pendergrass*, __ Ohio St.3d __, 2020-Ohio-3335, ___ N.E.3d ___, ¶ 25. The rule of lenity must be applied to the interpretation of criminal statutes.

{¶ 36} Because I believe the majority has misconstrued R.C. 2967.191(A) in a way that is contrary to its terms and legislative intent, I respectfully dissent and would affirm the judgment of the Sixth District Court of Appeals.

STEWART, J., concurs in the foregoing opinion.

_____

Kevin J. Baxter, Erie County Prosecuting Attorney, and Anthony A. Battista III, Assistant Prosecuting Attorney, for appellant.

Brian A. Smith Law Firm, L.L.C., and Brian A. Smith, for appellee.

_____