[Cite as *State v. Farris*, 2021-Ohio-2135.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-20-019

    Appellee                              Trial Court No.  2017 CR 0414

v.

Bret A. Farris                                   **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 25, 2021

* * * * *

Kevin J. Baxter, Lucas County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brett F. Murner, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Brett Farris, appeals the September 22, 2020 judgment of the Erie

County Court of Common Pleas sentencing him to community control for five years

following his conviction on three counts of telecommunications harassment and one

count of violating a protective order.  Appellant argues that he was entitled to credit for

time served under a previous community control sentence toward the five-year community control sentence imposed here. For the reasons that follow, we affirm the trial court's judgment.

### A. Facts and Procedural Background

{¶ 2} On November 8, 2017, appellant was indicted on seven counts of telecommunications harassment in violation of R.C. 2917.21, each a fifth-degree felony; six counts of violating a protection order in violation of R.C. 2919.27, each a first-degree misdemeanor; and one count of aggravated menacing in violation of R.C. 2903.21, a first-degree misdemeanor. On June 14, 2018, appellant entered a guilty plea to three counts of telecommunications harassment and one count of violating a protective order. Pursuant to a plea agreement, the trial court dismissed the remaining counts at the state's request. On August 7, 2018, the trial court sentenced appellant to a community control sanction for a period of five years while notifying appellant that a violation of the conditions of his community control could result in a reserved prison term of three years. Appellant's sentence was memorialized in a judgment entry that same day.

{¶ 3} Appellant subsequently appealed his original conviction arguing that the trial court erred in accepting his plea prior to conducting a requested competency hearing. We agreed finding that a competency hearing requested under R.C. 2945.37(B) was mandatory and must occur prior to accepting appellant's guilty plea. *State v. Farris,* 6th Dist. Erie No. E-18-047, 2020-Ohio-134 (*Farris I*). We vacated appellant's conviction and remanded the matter to the trial court to conduct the necessary hearing before

2.

disposing of appellant's case. 526 days elapsed between the date of the trial court's original sentence and our decision.

{¶ 4} On September 21, 2020, following remand, appellant entered a guilty plea to three counts of telecommunications harassment and one count of violating a protective order. Appellant and the state agreed to proceed directly to sentencing and the trial court again sentenced appellant to community control for five years with a three-year reserved prison term to be imposed if appellant violated the conditions of his community control. The trial court's judgment was memorialized in its September 22, 2020 judgment entry. It is from this sentence that appellant perfected his appeal.

## B. Assignment of Error

{¶ 5} Appellant's appeal asserts the following error for our review:

1. The trial court erred in imposing a community control sanction that was in violation of R.C. 2929.15(A)(1).

## II. Analysis

{¶ 6} In his sole assignment of error, appellant argues that he should have received credit on his current sentence for the 526 days he was on community control under his original sentence. Appellant argues that without the credit, his term of community control exceeds the statutory five-year limit on community control sanctions and is therefore contrary to law. The state agrees and requests we reverse the trial court's judgment and remand this matter for resentencing. We find, however, that the trial court did not err in failing to give appellant the requested credit.

3.

**{¶ 7}** Initially, we note that appellant failed to object to the trial court's imposition of a five-year term of community control at his sentencing hearing. Because he failed to object, appellant has waived all but plain error review of the trial court's sentence. *State v. Jones,* 6th Dist. Sandusky No. S-09-019, 2010-Ohio-2385, ¶ 30. "Plain error" is an error that affects an appellant's substantial rights. Crim.R. 52(B). "An error that affects substantial rights is one that affected the outcome of the proceedings." *State v. Rink,* 6th Dist. Lucas No. L-20-1049, 2021-Ohio-1068, ¶ 10, citing *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "Plain error should be found only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, citing *State v. Hill,* 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001).

**{¶ 8}** Criminal sentencing is "a creature of the legislature[.]" *State v. Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 13, citing *Wilson v. State,* 5 N.E.3d 759 (Ind.2014). Trial courts may only impose "sentences that are authorized by statute[.]" *Id.* This applies not only to the imposition of sentences but also to the trial court's determination of what credit, if any, should be applied to that sentence. *See State v. Reed,* 162 Ohio St.3d 554, 2020-Ohio-4255, 166 N.E.3d 1106, ¶ 17-19. The primary statute relevant to appellant's argument is R.C. 2929.15(A) which states, in part, "[t]he duration of all community control sanctions imposed on an offender * * * shall not exceed five years." Appellant argues that the trial court's order to serve five years of community control, without granting credit for the time previously served, results in a community control sanction which exceeds the five-year maximum and is therefore contrary to law. We disagree.

4.

{¶ 9} First, it is important to note that appellant's sentence followed his successful appeal of his prior conviction. *State v. Farris,* 6th Dist. Erie No. E-18-047, 2020-Ohio-134. In *Farris I,* we vacated appellant's conviction and remanded the matter for further proceedings. *Id.* at ¶ 18. "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray,* 69 Ohio St.2d 112, 113, 431 N.E.2d (1982), citing *Commissioners of Montgomery County v. Carey,* 1 Ohio St. 463 (1853). Appellant, therefore, had not been properly sentenced pursuant to R.C. 2929.19 until September 21, 2020, when his sentencing hearing occurred. Because R.C. 2929.15(A) permitted the trial court to impose a sentence of community control for five years, appellant's sentence does not exceed the statutory limit on its face.

{¶ 10} Regarding appellant's requested credit toward his current community control sentence, Ohio's felony sentencing statutes establish the specific scenarios in which a trial court must give an offender credit for time served to reduce the duration of the sentence being imposed. A review of these statutes reveals that credit for time served to reduce an overall sentence is generally applicable only when a jail or prison term is imposed. For example, R.C. 2929.19(B)(2)(g)(i) requires a trial court sentencing an offender to determine "the total number of days * * * by which the department of rehabilitation and correction must reduce the definite *prison* term imposed on the offender[.]" (Emphasis added). R.C. 2967.191 states that the Ohio Department of Rehabilitation and Correction must "reduce the *prison* term of a prisoner" when they were subject to certain types of confinement—e.g. confinement in lieu of bail while

5.

awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or testify—throughout the proceedings. R.C. 2949.08 provides that a *jail* term imposed by the trial court shall be reduced by the amount of time spent in confinement prior to sentencing.

{¶ 11} The limitation on an offender's right to credit toward their sentence is illustrated by the Ohio Supreme Court's decision in *State v. Reed,* 162 Ohio St.3d 554, 2020-Ohio-4255, 166 N.E.3d 1106. In *Reed,* the defendant was ordered to serve a five-year community control sanction following his conviction for participating in criminal-gang activities. Reed subsequently violated the conditions of his community control and was placed on house arrest with electronic monitoring prior to sentencing for the violation. At his sentencing, Reed argued that he was entitled to credit for time served both while under house arrest and while on electronic monitoring toward the prison sentence. The Ohio Supreme Court reviewed R.C. 2967.191(A) and found that credit for time served was limited to days spent in confinement in a public or private facility. *Reed* at ¶ 17-19. The time Reed spent at his home on house arrest with electronic monitoring did not meet this definition and, therefore, he was not entitled to the credit he requested. *Id.* Applied here, the mere fact that appellant was placed on community control is not confinement which would not entitle him to credit as a matter of law, even if he had been sentenced to a prison term.

{¶ 12} This confinement requirement was also recently extended to the limited scenario under which an offender receives credit toward a community control sentence. The Ohio General Assembly established the parameters of a community control sentence

6.

in R.C. 2929.15. When an offender violates the terms of their community control, R.C. 2929.15(B)(1) permits the trial court to extend the existing community control sanction, add additional community control sanctions, or impose "a prison term on the offender[.]" In April, 2021, R.C. 2929.15(B)(2)(b)(ii) was amended and states that if a prison term is imposed for a community control violation:

> * * * it shall be credited against the offender's community control sanction that was being served at the time of the violation and against the suspended prison sentence, and the remaining time under that community control sanction and under the suspended prison sentence *shall be reduced by the time that the offender spends in prison under the prison term.* The offender upon release from the prison term shall continue serving the remaining time under the community control sanction[.]

(Emphasis added). Thus, a confinement credit toward a term of community control is only available when the offender serves a prison term as a result of a violation of the conditions of their community control. In that instance, the community control sentence is reduced by the same amount of time the offender spends in prison for the violation. Notably, the recent amendments did not establish any credit for time previously served under a community control sentence which did not involve confinement. Here, appellant was not ordered to serve a prison term as a result of a community control violation. As a result, he is not subject to the limited circumstances under which R.C. 2929.15(B)(2)(b)(ii) would authorize the credit he requests toward his community control sentence.

7.

{¶ 13} In sum, having reviewed the applicable statutes and the limited circumstances under which a defendant is entitled to credit toward the sentence imposed, we find that the trial court did not commit plain error in failing to give appellant 526 days of credit toward the maximum duration of his community control sentence because there is no statutory authority to grant the requested credit toward the reimposed term of community control.  Therefore, we find appellant's assignment of error not well-taken.

### III.  Conclusion

{¶ 14} We find appellant's assignment of error not well-taken and affirm the September 22, 2020 judgment of the Erie County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                _____
                                                  JUDGE
Gene A. Zmuda, P.J.             

Myron C. Duhart, J.               _____
CONCUR.                                               JUDGE

                                         _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.