[Cite as *State v. Deese*, 2024-Ohio-936.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                       :

                                                      No. 23AP-418
v.                                                   :       (C.P.C. No. 21CR-3546)

Michael B. Deese,                                    :       (REGULAR CALENDAR)

      Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on March 14, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly Bond*, for appellee.

**On brief:** *Michael B. Deese*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Michael B. Deese, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit. Because we conclude Deese is not entitled to jail-time credit for his period of pre-trial house arrest, we affirm.

I. **Facts and Procedural History**

{¶ 2} On April 19, 2022, Deese pled guilty to one fifth-degree felony count of possession of heroin and one fifth-degree felony count of possession of cocaine in Franklin C.P. case No. 21CR-3546. That same day, Deese pled guilty to charges in three other criminal cases: one fourth-degree felony count of possession of cocaine in case No. 19CR-5422, one third-degree felony count of possession of cocaine in case No. 19CR-5423, and one third-degree felony count of having a weapon under disability and one fourth-degree

felony count of possession of a fentanyl-related compound in case No. 19CR-6119. On April 26, 2022, the trial court sentenced Deese to 9 months of imprisonment on each charge in the four cases, all to be served consecutively, for a total sentence of 54 months of imprisonment. Plaintiff-appellee, State of Ohio, and the defense stipulated to the amount of jail-time credit Deese had in each case: 182 days in case No. 19CR-5422, 193 days in case No. 19CR-5423, 174 days in case No. 19CR-6119, and 3 days in case No. 21CR-3546.

{¶ 3} Deese filed a motion for jail-time credit in case No. 21CR-3546 on December 19, 2022, asserting he was entitled to 368 days of jail-time credit for the period he spent on house arrest from April 23, 2021 until his sentencing on April 26, 2022. The trial court denied Deese's motion, finding that he had stipulated to the amount of jail-time credit at sentencing and he was not entitled to jail-time credit for time spent on house arrest. Deese failed to timely appeal the judgment denying his motion for jail-time credit but moved this court for leave to file a delayed appeal. We granted Deese's motion, and the matter is now before us on Deese's delayed appeal. *State v. Deese*, 10th Dist. No. 23AP-418 (Sept. 21, 2023) (memorandum decision).

## II. Assignment of Error

{¶ 4} Deese assigns the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE REQUEST FOR ADDITIONAL JAIL-TIME CREDIT, FOR TIME SO SPENT UNDER COURT-ORDERED HOUSE ARREST, WHERE IT DISREGARDED LEGISLATIVE INTENT IN R.C. §2929.01(P).

## III. Discussion

{¶ 5} We review a trial court's decision on a motion to correct jail-time credit for abuse of discretion. *State v. Dean*, 10th Dist. No. 14AP-173, 2014-Ohio-4361, ¶ 5. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable; however, no court has authority to commit an error of law when exercising its discretion. *State v. Spirnak*, 10th Dist. No. 19AP-261, 2020-Ohio-6838, ¶ 16.

{¶ 6} At a sentencing hearing, a trial court is required to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced." R.C. 2929.19(B)(2)(g)(i). The sentencing court "retains continuing

jurisdiction to correct any error not previously raised at sentencing" in making that determination. R.C. 2929.19(B)(2)(g)(iii). The Ohio Department of Rehabilitation and Correction is required to "reduce the prison term of a prisoner, as described in [R.C. 2967.191(B)], by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." R.C. 2967.191(A).

{¶ 7} Under R.C. 2929.01(P), "[h]ouse arrest" is defined as "a period of confinement of an offender that is in the offender's home or in other premises specified by the sentencing court" and during which certain conditions apply.

{¶ 8} Deese argues his period of pre-trial house arrest satisfied the conditions set forth in R.C. 2929.01(P), and therefore should have been treated as a period of confinement for which he was entitled to jail-time credit under R.C. 2967.191(A).[1] In support of his argument, Deese cites a portion of *State v. Reed*, 162 Ohio St.3d 554, 2020-Ohio-4255.

{¶ 9} Prior to *Reed*, this court held that "time served under electronically monitored house arrest as a condition of bail does not constitute confinement for purposes of the jail-time credit statute." *State v. D.H.*, 10th Dist. No. 15AP-525, 2015-Ohio-5281, ¶ 16, citing *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, ¶ 10 (10th Dist.). Other Ohio appellate courts had similarly held that pre-trial house arrest was not confinement for purposes of determining jail-time credit. *State v. Curry*, 8th Dist. No. 105203, 2018-Ohio-4771, ¶ 64 ("The imposition of house arrest with electronic monitoring does not constitute a term of imprisonment under the statute."); *State v. Johnson*, 2d Dist. No. 27937, 2018-Ohio-4142, ¶ 21 ("[T]rial courts may not treat a defendant's electronically-monitored home confinement, imposed as a condition of bail, as here, as tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit."); *State v. Porter*, 12th Dist. No. CA2017-07-101, 2018-Ohio-3852, ¶ 7 ("[A]n individual subjected to house arrest may not be awarded jail-time credit for time spent while exercising the freedoms of house arrest. This is because an individual's liberties, freedom of choices, and movement

---

[1] The trial court imposed house arrest as a condition of a recognizance bond in case No. 19CR-6112 on April 23, 2021. Deese was indicted in case No. 21CR-3546 on August 27, 2021, and he appears to concede that the full period of house arrest for which he seeks jail-time credit would not apply to case No. 21CR-3546. Deese argues, however, that judicial economy justifies issuance of a single order applying all the requested time to one case because his sentences were imposed consecutively.

are not restrained to an extent reasonably associated with being 'confined' in a facility."); *State v. Osborne*, 5th Dist. No. 11 CA 14, 2011-Ohio-2363, ¶ 26 ("Appellant's house arrest does not constitute confinement and therefore Appellant is not entitled to jail time credit for the time served on house arrest.").

**{¶ 10}** In *Reed*, the Supreme Court of Ohio considered whether a defendant was entitled to jail-time credit for time spent on postconviction house arrest. *Reed* at ¶ 2. A majority of the court concluded "[t]he legislature has expressed its intent that jail-time credit is to be given only for the time the defendant is confined in a public or private facility" and that "[c]onfinement in a personal residence" did not qualify for jail-time credit. *Id.* at ¶ 16. The court rejected the argument that Reed was entitled to jail-time credit for his time on postconviction house arrest:

> R.C. 2967.191(A) is plain and unambiguous and limits a jail-time credit to specific types of confinement, those in which the defendant is confined in a public or private facility. The statute does not provide for a reduction in sentence for a term of postconviction house arrest or electronic monitoring imposed for violating community-control sanctions.

*Id.* at ¶ 19. The portion of *Reed* that Deese cites in his brief on appeal is from a *dissenting* opinion authored by Justice Donnelly and joined only by Justice Stewart. Therefore, it is not binding on our decision in this appeal.

**{¶ 11}** Since the *Reed* decision was issued, Ohio appellate courts have applied its reasoning to hold that pre-trial house arrest does not qualify for jail-time credit. *State v. Brown*, 8th Dist. No. 110192, 2021-Ohio-3348, ¶ 30 ("Although the Ohio Supreme Court's holding [in *Reed*] applied specifically to postconviction house arrest, its reasoning that only confinement in a public or private facility counts for the calculation of jail-time credit likewise extends to time spent on house arrest before conviction."); *State v. Nichols*, 2d Dist. No. 2020-CA-2, 2020-Ohio-4596, ¶ 16 (applying *Reed* and the Second District's prior cases to hold that pre-trial electronically monitored house arrest was not confinement for purposes of determining jail-time credit).

**{¶ 12}** Consistent with our prior decision in *D.H.* and the reasoning in the Supreme Court's *Reed* decision, we conclude that Deese's period of pre-trial house arrest did not constitute confinement for purposes of R.C. 2967.191(A) and he was not entitled to jail-time

credit for the time spent on house arrest. Therefore, the trial court did not abuse its discretion by denying Deese's motion for jail-time credit.

{¶ 13} Accordingly, we overrule Deese's sole assignment of error.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we overrule Deese's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____